UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMIE AMADOR,

    Plaintiff,

v.                                                                     CASE NO. 8:16-cv-3271-T-MCR

ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) ("Motion") (Doc. 32) and the Commissioner's Response thereto (Doc. 33). Plaintiff's counsel makes a timely request for an award of $35,237.87 in attorney's fees pursuant to Section 206(b) of the Social Security Act, 42 U.S.C. § 406(b). (Doc. 32.) Defendant disputes the reasonableness of the fee, asserting that a downward adjustment is warranted because the issues in this case were not particularly complex, novel, or unique. (Doc. 33.) For the reasons stated herein, the Motion is **GRANTED**.

**I.    Background**

On November 25, 2016, Plaintiff filed a Complaint in this Court, appealing the Commissioner's denial of Plaintiff's application for a Period of Disability and Widow's Disability Insurance Benefits. (Doc. 1.) On November 8, 2017, the Court granted Defendant's Unopposed Motion for Entry of Judgment with

Remand, reversed the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g), and remanded the case to the Commissioner for further administrative proceedings. (Doc. 27.) On February 9, 2018, the Court granted Plaintiff's Unopposed Motion for Attorney's Fees, and awarded Plaintiff's counsel fees in the amount of $4,660.26 for 23.9 attorney hours, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (*See* Doc. 30.)

On remand, Plaintiff was found disabled and, pursuant to 42 U.S.C. § 406(b), the Commissioner set aside $35,237.87 in escrow for the possible payment of attorney's fees. (Doc. 32 at 3; Doc. 32-2 at 5.) This amount represents 25 percent of Plaintiff's past-due benefits in the sum of $140,952.00 for the period June 2009 through December 2018. (Doc. 32-2.) Plaintiff's attorney now seeks $30,577.61 ($35,237.87 minus the previously awarded EAJA fee in the amount of $4,660.26), pursuant to the contingent fee contract with Plaintiff.[1] (Doc. 32.)

## II.  Standard

---

[1] The contract, which is attached to the Motion, provides in relevant part:

> This is a contingent fee contract. If attorney prevails before the Federal Court, and if Claimant is subsequently awarded benefits by the Social Security Administration ("SSA"), claimant agrees to pay Attorney a fee for Federal Court work equal to 25% of the past-due benefits.
> . . .
> If Claimant . . . is awarded benefits after the remand from Federal Court, Claimant will owe Attorney the difference between the 25% fee specified above and the amount paid by SSA in accordance with EAJA.

(Doc. 32-1.)

Under 42 U.S.C. § 406(b), attorneys who secure a favorable result for their clients upon remand from federal court may petition the Court for a fee "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled."  42 U.S.C. § 406(b)(1)(A).  In capping the fee at 25 percent, "Congress . . . sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002).

In *Gisbrecht*, the Supreme Court stated:

> [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. . . . Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Id.* at 807.

The first place that the Court should turn to in assessing the reasonableness of a fee is the parties' fee agreement.  *Id.* at 808.  In conducting its independent check to ensure that a fee is reasonable, the Court may appropriately reduce the fee for a number of reasons, including "the character of the representation and the results the representative achieved," any delay caused by counsel "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court," and/or benefits that "are large in

3

comparison to the amount of time counsel spent on the case." *Id.*

> In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id.*

### III. Analysis

The contingency fee contract in this case provides that Plaintiff agreed to pay her attorney 25 percent of her past-due benefits. (Doc. 32-1.) Plaintiff's counsel's request for an award of 25 percent of Plaintiff's past-due benefits, pursuant to that contract, less the EAJA fees, is within the statutory maximum. Therefore, the Court finds the contract presumptively reasonable.

Moreover, the Court finds no reason to reduce the amount of the requested fee. First, with respect to the character of the representation and the results achieved, the Court notes that Plaintiff's attorney provided professional and skilled representation, and achieved excellent results. As a result of the attorney's efforts, Plaintiff was awarded past due benefits in the amount of $140,952.00, as well as additional monthly benefits going forward. The Court also finds that counsel promptly prosecuted this case and created no undue delay. Thus, the only discernable arguable basis to reduce the fee would be to prevent a potential windfall to Plaintiff's attorney.

The Commissioner argues that a downward adjustment is warranted because the issues in this case were not particularly complex, novel, or unique. (Doc. 33 at 4.) Given that Plaintiff's counsel spent only 23.90 hours on this case, the Commissioner argues that a reduction of the fee is appropriate where, as here, the benefits are large in comparison to the time spent on the case. (Doc. 33 at 3-4.)

The Court rejects the Commissioner's position and finds that the requested fees would not be a windfall to Plaintiff's attorney. Although counsel's rate in this case equates to $1,279 per hour (after reimbursement of the EAJA fees) or $1,474 per hour (before reimbursement of the EAJA fees), such rates, while admittedly on the higher end, are still in line with the rates awarded in other contingency fee cases in this District, and, therefore, will not lead to a windfall.[2] *See, e.g.*, *White v. Comm'r of Soc. Sec.*, Case No. 6:09-cv-1208-Orl-28GJK, 2012 WL 1900562, *6 (M.D. Fla. May 2, 2012) (report and recommendation adopted by 2012 WL 1890558) (approving a contingency fee, which amounted to $1,491 per hour, as reasonable under § 406(b)); *Foster v. Astrue*, Case No. 3:08-cv-960-J-12JRK (Doc. 46) (M.D. Fla. Jan. 4, 2012) (adopting a magistrate judge's report and recommendation and approving a contingency fee, which amounted to $1,025.28 per hour, as reasonable under § 406(b)); *Howell v. Astrue*, Case No.

---

[2] The decisions cited by the Commissioner were not from this District and were all decided six or more years ago.

3:06-cv-438-J-MCR (M.D. Fla. Jan. 5, 2009) (finding an hourly rate of $625 reasonable based on a 2.5 multiplier); *McKee v. Comm'r of Soc. Sec.*, Case No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, *6-7 (M.D. Fla. Sept. 30, 2008) (approving a contingency fee, which amounted to $1,100 per hour, as reasonable under § 406(b)); *Watterson v. Astrue*, Case No. 3:06-cv-369-J-HTS, 2008 WL 783634, *1-2 (M.D. Fla. Mar. 21, 2008) (finding a contingency fee, which amounted to $1,089.66 per hour, to be reasonable under § 406(b)); *Vilkas v. Comm'r of Soc. Sec.*, Case No. 2:03-cv-687-FTM-29DNF, 2007 WL 1498115, *2 (M.D. Fla. May 14, 2007) (finding a contingency fee, which amounted to $1,121.86 per hour, to be reasonable under § 406(b)); *Bergen v. Barnhart*, Case No. 6:02-cv-458-Orl-22KRS (Docs. 26, 36) (M.D. Fla. Sept. 21, 2006) (approving a contingency fee translating to an award of $1,116.11 per hour under § 406(b)).

The Commissioner essentially argues that the amount of attorney's fees requested constitutes a windfall based on the lodestar method. However, as stated in *White*, "re-adopting the lodestar method in these types of cases would likely have a chilling effect on the willingness of attorneys to undertake these types of cases on a contingency fee basis." *White*, 2012 WL 1900562 at *6. Further, the issue in these types of cases is not just the likelihood of success in federal court, but also the unlikelihood of prevailing after a remand from federal court. As such, the Court does not find that a downward adjustment is necessary based on the number of hours spent on the case and/or the complexity of the

6

issues before the Court.  In sum, because the Court finds the contingency fee contract reasonable and because there is no reason to reduce the amount of the requested fee, Plaintiff's attorney will be awarded the requested fee of 25 percent of the past-due benefits amount.

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 32**) is **GRANTED**.  The Commissioner shall pay to Plaintiff's attorney, Michael Steinberg, the sum of $35,237.87 for § 406(b) fees out of Plaintiff's past-due benefits.  Mr. Steinberg shall refund the EAJA fees in the amount of $4,660.26 to Plaintiff upon receipt of the § 406(b) fees.

2. The Clerk of Court shall enter judgment accordingly.

**DONE AND ORDERED** at Jacksonville, Florida, on May 28, 2019.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record